PETROPLUS, JUDGE:
The State Board of Vocational Education, Division of Vocational Rehabilitation, an agency of the State of West Virginia created by Statute, Chapter 18, Article 10A, Section 2, of the Official Code of West Virginia, as amended, incurred an obligation of $317.57 to the Board of Regents, also a state agency, created by Statute, Chapter 18, Article 26, Section 3, of the Official Code of West Virginia, as amended, for the treatment of a patient at the West Virginia University Hospital from November 29, 1970, to December 8, 1970, and because of a lack of communication the bill remained unpaid. All parties concerned, including the Attorney General who represents both the claimant and respondent, in order to resolve the dilemma agreed that the bill should be paid by filing a claim in this Court, having it approved, and by award in favor of the Board of Regents, eventually the bill would be paid by legislative appropriation.
At the hearing, William Wooten, Assistant Attorney General who represented both state agencies, stated that the bill was not paid *247 within the statutory period because of restrictions imposed upon the respondent, which wanted to make payment but could not do so.
The legislative auditor and the Attorney General’s office requested that this Court make an advisory determination of the legal or equitable status of the claim under the powers conferred in Chapter 14, Article 2, Section 18, of the West Virginia Code as amended.
The Court has considered the matter and makes an advisory determination that there is a legal claim against the respondent in the amount of $317.57, and recommends that the claim be paid.
Inasmuch as this is not an adversary proceeding, no award is made by the Court.
The Clerk of this Court shall transmit a copy of the Opinion to the officer who referred the claim for advisory determination.